# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WILLIAM MITCHELL**                                                **PETITIONER**

**VS.**                         **CIVIL ACTION NO. 1:04CV865LG**

**CHRISTOPHER EPPS, Commissioner,**
**Mississippi Department of Corrections;**
**LAWRENCE KELLY,[1] Superintendent,**
**Mississippi State Penitentiary and JIM HOOD,**
**Attorney General of the State of Mississippi**           **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION FOR JUDGMENT ON THE PLEADINGS

This matter came before the court on the Motion for Judgment on the Pleadings or for Alternative Relief Pursuant to Rule 12(f) FRCP [21], filed by the Petitioner, William Gerald Mitchell. The basis for the Motion is Mitchell's contention that the Respondents have failed to submit a responsive brief in a timely manner, as earlier ordered by the Court. Thus, Mitchell contends, the Respondents have waived any further response and have confessed that he is entitled to judgment. Alternatively, Mitchell asks the Court to strike any further pleadings submitted by the Respondents and to grant the relief sought in the habeas petition.

In this case, counsel was appointed on February 18, 2005, and Mitchell was ordered to submit his habeas petition within sixty days of that date. Shortly thereafter, Mitchell moved for additional time within which to submit his petition, and, over the Respondents' objection, the Court extended the petition's due date to June 21, 2005. On June 15, 2005, Mitchell submitted a Petition for Writ of Habeas Corpus, and the Respondents filed their Answer on that date. On October 27, 2006, District Judge Bramlette, to whom this case was originally assigned, ordered Mitchell to submit a brief in support of

---

[1]Lawrence Kelly has replaced Michael A. Wilson, who was originally named in this action as the Superintendent of the Mississippi State Penitentiary, and he has been substituted as a Defendant in accordance with Fed. R. Civ. P. 25(d)(1).

his Petition within sixty days and required the Respondents' brief to be submitted thirty days thereafter. Mitchell timely filed a brief; the Respondents' due date was later extended to March 9, 2007. The Respondents have neither filed a brief nor requested a further extension.

The Respondents have admitted their failure to comply with the Court's Order, which occurred because their attorney did not record the due date on his calendar. However, they argue that this case must be still be considered on its merits, as an Answer was timely submitted. The Respondents further argue that they should not be penalized for their attorney's mistake and seek a short extension of time within which to submit their responsive brief. Having considered the appropriate authorities and reviewed the docket in this matter, the Court is of the opinion that the Petitioner's Motion should be denied and the Respondents permitted to submit a late response.

Mitchell moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), or, alternatively, to strike the Respondents' pleadings pursuant to Rule 12(f). The term "pleading," as it is used the Rules of Civil Procedure, includes complaints and answers, but not briefs. Fed. R. Civ. P. 7(a). The Respondents have filed an Answer, and, while its scope was limited by the brevity of the Petition, it is still a responsive pleading and not so deficient as to support the entry of judgment in Mitchell's favor, even without a supporting brief. With regard to the alternative request to strike any additional pleadings, the language of Rule 12(f) does not support Mitchell's argument that future pleadings should be stricken for failure to file a brief.

Moreover, the law is clear that even the failure to serve a timely **answer** to a petition for writ of habeas corpus does not justify the entry of judgment for the petitioner. *Stines v. Martin*, 849 F.2d 1323, 1324 (10th Cir. 1988); *Aziz v. LeFerve*, 830 F.2d 184, 187 (11th Cir. 1987); *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1975). Otherwise, courts have reasoned, the burden of the default, and the petitioner's resulting release from custody, would "fall upon the community at large." *Mattox*, 507 F.2d at 924. The rare exception might be made in a case where the respondent's delay was long and

inadequately explained, in which case "it may be presumed that the petitioner is being illegally confined." *Ruiz v. Cady*, 660 F.3d 337, 340 (7th Cir. 1981). Where the response is less tardy, and the petitioner is not prejudiced, the Fifth Circuit has held that the district court has leave to "either consider or disregard the response." *Frick v. Quinlin*, 631 F.2d 37, 40 (5th Cir. 1980).

Given the preference for deciding habeas cases on the merits, even where no answer is served, entry of judgment on the pleadings is too harsh a sanction for an inadvertent failure to submit a brief on schedule. This is especially so given the limited applicability of the Federal Rules of Civil Procedure to habeas cases. Fed. R. Civ. P. 81(a)(2). Thus, the Court concludes that the proper course of action is to permit the Respondents to have a short extension of time within which to submit their response to the Petitioner's brief, with the Petitioner then having a short time within which to submit a rebuttal.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Judgment on the Pleadings or for Alternate Relief Pursuant to Rule 12(f) FRCP [21] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Respondents have until June 15, 2007, within which to submit a response to the Petitioner's Memorandum in Support of his Petition for Writ of Habeas Corpus. The Petitioner shall then have until July 3, 2007, within which to submit a rebuttal in support of that Petition.

**SO ORDERED AND ADJUDGED** this the 30th day of May, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE